# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| TRAVIS J. GUERIN, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | Case No: 3:25-cv-50498 |
| v. | : : : | Hon. Iain D. Johnston |
| FORGE GROUP ROCKFORD LLC, | : : | Hon. Michael F. Iasparro |
| Defendant. | : : : | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of Settlement ("Approval Motion"). Dkt. No. 21. The Approval Motion asks the Court to approve as fair and reasonable the proposed settlement that the Parties reached and memorialized in the Settlement Agreement and Release ("Settlement Agreement"), attached to the Approval Motion as Exhibit 1.

Having reviewed the Approval Motion, the Settlement Agreement, the Declaration of Plaintiff's Counsel, and the pleadings and papers on file in this action, Defendant having not opposed the Approval Motion, and for good cause established therein, it is this Court's report and recommendation that the Approval Motion be granted and that the District Court certify the collective action proposed in the Approval Motion only for purposes of settlement and approve the Settlement Agreement, including the service award for Named Plaintiff Travis Guerin ("Named Plaintiff"), the attorneys' fees and expense reimbursement for Plaintiff's Counsel Sommers Schwartz, P.C. ("Plaintiff's Counsel"), and the costs for the Settlement Administrator.

1

Any objection to this report and recommendation must be filed by May 18, 2026. *See* Fed. R. Civ. P. 72(b). The failure to file a timely objection may result in the waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-61 (7th Cir. 1989).

1.      On December 4, 2025, Named Plaintiff initiated this action on behalf of himself and all other persons similarly situated, seeking damages for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  *See* Dkt. No. 1. Named Plaintiff's Complaint alleges that Defendant Forge Group Rockford, LLC ("Defendant"), violated Section 207(a) of the FLSA by failing to include shift differential pay and other non-discretionary remuneration into the regular rate of pay for Named Plaintiff and other similarly situated employees when calculating overtime rates.  Dkt. No. 1 (citing 29 U.S.C § 207(a)).

2.      Prior to Defendant filing a responsive pleading, the Parties stipulated to a stay of the case in order to explore an early resolution.  *See* Dkt. No. 17. Thereafter, counsel for the Parties engaged in settlement discussions involving the voluntary exchange of payroll and timekeeping data to analyze potential damages.  Through negotiations between counsel for the Parties, the Parties reached an agreement to resolve this matter, which is memorialized in the Settlement Agreement.

3.      As requested in the Approval Motion, this Court recommends that the District Court certify, for settlement purposes only, a collective action pursuant to Section 216(b) of the FLSA, defined as follows:

> 206 employees who were: (a) hourly-paid, non-exempt employees of Defendant who received shift differentials and incentive payments arising out of work performed during the Relevant Period of December 2, 2022 through December 27, 2024; (b) who were included in the payroll data provided to Plaintiff's Counsel on January 21, 2026; and (c) who Plaintiff's Counsel determined were owed damages under the FLSA regular rate calculation.

4.      The Settlement Agreement will cover Named Plaintiff and all Collective Members who elect to participate in the settlement by depositing, cashing, or otherwise negotiating their Individual Settlement Payment checks.

5.      Under the Settlement Agreement, in consideration of the $105,000.00 Gross Settlement Amount, the claims of Named Plaintiff and all Collective Members who join the settlement by depositing, cashing, or otherwise negotiating their Individual Settlement Payment checks will be dismissed with prejudice, with each Party to bear its own fees and costs, and the claims of Collective Members who do not join the settlement by depositing, cashing, or otherwise negotiating their Individual Settlement Payment checks will be dismissed without prejudice, with each Party to bear its own fees and costs.

6.      The Court finds that the Settlement Agreement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement Agreement resulted from arm's-length negotiations between experienced counsel after substantial investigation. Plaintiff's Counsel has informed the Court that they believe the Settlement Agreement is fair, reasonable, adequate, and in the best interests of Named Plaintiff and the Collective Members. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement Agreement; and the experience and views of counsel for the Parties.

7.      As such, the Court recommends that the District Court approve the Settlement Agreement attached to the Approval Motion as Exhibit 1, including the Settlement Notice Packet attached to the Settlement Agreement, and order that the settlement be implemented according to the Settlement Agreement's terms and conditions and as directed herein. Accordingly, the Court recommends approval of the Settlement Agreement as to Named Plaintiff and all Collective

Members who elect to participate in the settlement by depositing, cashing, or otherwise negotiating their Individual Settlement Payment checks.

8. The Court recommends approval of the Service Award of $1,500.00 to Named Plaintiff in recognition of his service in this action, and orders that such payment be made in the manner, and subject to the terms and conditions, set forth in the Settlement Agreement.

9. The Court recommends approval of the payment of attorneys' fees in the amount of $35,000.00 as provided in the Settlement Agreement.

10. The Court recommends approval of reimbursement of actual litigation expenses incurred in this matter in an amount not to exceed $7,500.00 as provided in the Settlement Agreement.

11. The Court recommends appointment of Atticus Administration, LLC, to serve as Settlement Administrator and approval of settlement administration fees in an amount not to exceed $5,000.00 as provided in the Settlement Agreement.

12. After the settlement distribution process has been completed, the parties shall file a joint stipulation to dismiss this action with prejudice, with each Party to bear its own fees and costs.

**SO ORDERED:**

Date: May 4, 2026

_____
U.S. Magistrate Judge Michael F. Iasparro

4